IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**GENNY JONES,**

        **Plaintiff,**             **Case No.**

**v.**                                      **Judge**
                                          **JURY DEMAND**

**LOUDON COUNTY, TENNESSEE,**
**OFFICER DOES 1-5**

        **Defendant.**
_____/

## COMPLAINT

Genny Jones ("Ms. Jones") was in the custody of Loudon County Sheriff's Office ("LCSO"), a department of Loudon County, Tennessee, in their county jail. Ms. Jones was repeatedly denied access to medical care while in active labor. During the relevant time frame, Ms. Jones informed LCSO officers that she was pregnant and was experiencing symptoms of active labor. She repeatedly asked for medical attention. LCSO responded by harassing Ms. Jones and telling her she was not actually in labor and refused to initiate any type of medical assessment. It was not until Ms. Jones began to bleed heavily that an officer provided any attention. Ms. Jones was provided with a dirty blanket to sit on while on the bathroom floor and then was forced to wait until her water broke before LCSO called for an ambulance. While on the way to the hospital, Ms. Jones gave birth to her daughter approximately a month and a half early. Defendants failed to take appropriate measures, failed to adequately respond to events, failed to provide adequate medical attention, failed to adequately investigate the medical event, created an unsafe, dangerous environment, and failed to help the plaintiff, thus implicating a civil rights violation. These

1

failures, in conjunction with the denial of medical attention and intervention, all served as factors in the constitutional violations against Ms. Jones.

## I. PARTIES

1. Genny Jones is an individual over the age of 18; she was in the custody of Loudon County Sheriff's Department at the time of the events in question.

2. Loudon County Sheriff's Office ("LCSO") is a department of Loudon County, Tennessee, a governmental entity charged with managing public safety in Loudon County and a recipient of federal funds. LCSO is the governing body for the Loudon County Jail and is responsible for inmate safety.

3. Officer Does 1-5 are Loudon County Sheriff's Officers. They are sued in the official capacity to the extent their actions were within the scope of their employment and in their individual capacity to the extent some or all of their conduct fell outside the scope of LCSO policy.

## II. JURISDICTION AND VENUE

4. This case is brought by Genny Jones, a female who at the time of the events alleged herein was in the custody of Loudon County Sheriff's Department at Loudon County Jail. Ms. Jones was pregnant at the time of the events. Upon arrival she made it known how far along in her pregnancy she was and that she was "high risk." Subsequently, she informed LCSO employees that she was actively in labor.

5. The court has original jurisdiction because these claims are brought under federal law, in particular, pursuant to a denial of equal protection of the laws under the Eighth and Fourteenth Amendments to the U.S. Constitution and deprived the Plaintiff of rights protected by the constitution while in custody through 42 U.S.C. § 1983.

6. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331, §1367 and § 1343.

7. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims alleged.

8. Venue is proper in this court pursuant to 28 U.S.C. §1391 and this court has personal jurisdiction because Defendants reside in or are organized within this district, and the acts or omissions complained of occurred within this district.

### III. FACTS

9. Loudon County Sheriff's Office ("LCSO") is responsible for ensuring that its employees and administrators are property trained and supervised and that those in their custody, including Ms. Jones, are safe, protected, and properly cared for.

10. LCSO has the authority to intervene during a medical event in order to protect and prevent further injury to those in its custody.

11. Ms. Jones was in the custody of LCSO during the relevant time frame, November 19-20, 2022.

12. Ms. Jones was picked up at her existing residence in Missouri and taken into custody by a Tennessee bondsman due to an outstanding warrant for driving under the influence from several years prior.

13. The bondsman noted that Ms. Jones was pregnant.

14. The bondsman brought Ms. Jones into the custody of the Loudon County Sheriff's Department at Loudon County Jail.

15. When she was taken into custody, Ms. Jones reported to LCSO officers that she was seven and half months pregnant.

16. Upon booking, Ms. Jones was not given a medical screening. Upon information and belief, LCSO does not have a procedure to address medical needs of its detainees. Alternatively, if it has such a procedure, it is the practice of LCSO not to follow the procedure.

17. Upon information and belief, LCSO does not have a policy addressing the needs of pregnant detainees. Alternatively, no such policy or practice was implemented because LCSO officers were indifferent to Ms. Jones' needs.

18. Ms. Jones did report to LCSO officers that she had a high-risk pregnancy as the baby was breech.

19. Around this time, Ms. Jones was due to start bedrest due to the nature of her high-risk pregnancy. Ms. Jones informed LCSO officers of this.

20. When Ms. Jones arrived at Loudon County Jail, she began to feel uncomfortable.

21. Ms. Jones reported to Loudon County Jail employees that she believed she was in active labor.

22. Officer Doe responded by telling Ms. Jones that she was not in labor and to "Sit your ass down."

23. Ms. Jones began to vomit.

24. Officer Doe told Ms. Jones, "I could tell you were going to be a pain the ass. You sick bitch. You need to clean yourself up." And "don't be fucking with me tonight."

25. Ms. Jones continued to plead for assistance and medical treatment for the next two to three hours.

26. Ms. Jones asked if she could use the restroom so she could defecate.

27. Officer Does proceeded to poke fun at Ms. Jones and her request.

28. When she was brought to the restroom, Ms. Jones could feel the baby's head poking out of her vaginal canal.

29. The baby's head caused Ms. Jones to start to bleed.

30. Ms. Jones showed a bloodied toilet paper to the restroom camera in an effort to get the officers' attention. In response, a female Officer Doe said, "You are a pain in my ass."

31. An officer finally came to assist Ms. Jones. Ms. Jones told Officer Doe that she was having contractions.

32. The officer shined a flashlight and saw the baby's head.

33. Ms. Jones was given a dirty blanket to sit on while she waited on the bathroom floor until her water broke.

34. When Ms. Jones' water broke, the officers then called an ambulance to have Ms. Jones evaluated.

35. On November 20, 2022, en route to the hospital, Ms. Jones gave birth to her child a month and a half early.

36. Upon information and belief, if Ms. Jones had arrived at the hospital earlier, they would have been able to stop the active labor, allowing the pregnancy to continue to full term.

37. Because Ms. Jones gave birth prematurely, due to LCSO's deliberate indifference, the baby was unable to fully develop full audiological function, resulting in complete deafness in one ear and only thirty percent function in the other.

38. Ms. Jones was informed that had LCSO known of her pregnancy, Loudon County Jail would not have accepted her as an inmate.

39. An LCSO officer was required to remain at her bedside post-partum. The assigned officer was a male officer, not a female.

40. Eighteen hours after giving birth, Ms. Jones was brought back to Loudon County Jail and released on her own recognizance at 17:57 on November 21, 2022.

41. Between the time of her discharge from the hospital and when she was released from LCSO, Ms. Jones was not given the opportunity to express breast milk.

42. Ms. Jones was not given time to bond with her daughter until after she was released.

43. Upon information and belief, the denial of bonding time, the lack of privacy where a male officer was with her the entire time she was in post-partum care, the denial of post-partum care, including the opportunity to bond with her daughter after her birth, was pursuant to a practice or policy of the LCSO.

44. LCSO's treatment of Ms. Jones deprived her of her rights pursuant to an established policy or custom where detainees were not properly medically screened upon intake and where officers were not properly trained to respond to the medical needs of its detainees.

45. LCSO's policy or custom with respect to the medical needs of its detainees caused Ms. Jones' injury.

46. The actions of LCSO Officers Does 1-5 were directly responsible for the violations of Ms. Jones' rights.

## IV. CLAIMS

### COUNT I
### Eighth Amendment Violation
### (Against Loudon County; Officer Doe Defendants)

47. Ms. Jones restates and incorporates the above stated paragraphs herein.

48. Ms. Jones enjoys the right as an American in the custody of jail officials under the Eighth Amendment of the United States Constitution to medical attention for serious medical needs that are contemporary to the standards of decency.

49. Officer Does Defendants acting under color of state law violated Ms. Jones' rights.

50. LCSO, through its jail, subjected Ms. Jones to violations to her right to receive medical attention for a condition that caused serious illness, needless suffering, and was obvious recognizable to a lay person as needing a physician's attention.

51. Ms. Jones' condition was visible and had also been diagnosed by a physician and a treatment prescribed.

52. Ms. Jones' condition was sufficiently serious to warrant immediate treatment when she asked for evaluation due to contractions.

53. Ms. Jones was intentionally denied and delayed access to medical attention for a serious medical need that caused an unnecessary and wanton infliction of pain.

54. LCSO was told and knew the seriousness of Ms. Jones medical needs and should have been aware of the risks involved in child labor but repeatedly ignored Ms. Jones.

55. LCSO placed Ms. Jones in dire conditions that created enhanced risk of discomfort and humiliation with totally deliberate indifference to her health and safety.

56. LCSO's treatment of Ms. Jones deprived her of her rights pursuant to an established policy or custom where detainees were not properly medically screened upon intake and where officers were not properly trained to respond to the medical needs of its detainees.

57. LCSO's policy or custom with respect to the medical needs of its detainees caused Ms. Jones' injury.

58. The actions of LCSO Officers Does 1-5 were directly responsible for the violations of Ms. Jones' rights.

59. As a result of LCSO's deliberate indifference to her right under the Eighth Amendment, Ms. Jones and her child suffered and continue to suffer emotional and physical

distress from the denial of adequate medical treatment. Plaintiff seeks recovery for these damages and reasonable attorney's fees and costs in prosecuting this action.

## COUNT II
### Equal Protection Violation Pursuant to 42 U.S.C. § 1983
### (Against Loudon County; Officer Doe Defendants)

60. Ms. Jones restates and incorporates the above-stated paragraphs herein.

61. Ms. Jones enjoys the right as an American under the Fourteenth Amendment of the United States Constitution to personal security, bodily integrity, and Equal Protection of the Laws.

62. Officer Does Defendants acting under color of state law violated Ms. Jones' rights.

63. LCSO, through its jail, subjected Ms. Jones to violations of her right to bodily integrity and Equal Protection of the Laws by treating her disparately as a female prisoner with a medical condition, pursuant to established policies and practices by acting deliberately indifferent to her medical needs.

64. LCSO failed to take appropriate medical screening, preventative measures, provide adequate medical attention, supervision and training to its officers about the needs of a pregnant detainee. LCSO acted with manifest deliberate indifference to the repeated requests for medical attention and discrimination on the basis of her sex, female, for a condition that is unique to her sex, *i.e.*, pregnancy.

65. LCSO intentionally treated Ms. Jones differently from other similarly situated individuals.

66. LCSO, acting under the color of state law, deprived Ms. Jones of her rights to personal security and bodily integrity by failing to appropriately prevent, investigate and remediate violations of her right to personal security and bodily integrity.

67. LCSO further deprived Ms. Jones of her rights by failing to train and supervise LCSO employees with regard to protecting inmates from violations of their rights to personal security, bodily integrity, and Equal Protection of the Law.

68. LCSO's treatment of Ms. Jones deprived her of her rights pursuant to an established policy or custom where detainees were not properly medically screened upon intake and where officers were not properly trained to respond to the medical needs of its detainees.

69. LCSO's policy or custom with respect to the medical needs of its detainees caused Ms. Jones' injury.

70. The actions of LCSO Officers Does 1-5 were directly responsible for the violations of Ms. Jones' rights.

71. As a result of LCSO's deliberate indifference to Ms. Jones' rights under the Fourteenth Amendment, she suffered and continues to suffer emotional distress from the harassment and lack of proper medical care. Plaintiff seeks recovery for these damages, mandatory training to LCSO of its obligations to those they hold in their custody under the Equal Protection of the Laws, and reasonable attorney's fees and costs in prosecuting this action.

## COUNT III
### Negligence: Failure to Train and Supervise

72. Ms. Jones restates and incorporates the above-stated paragraphs herein.

73. LCSO negligently trained and supervised its officers at the jail where Ms. Jones was detained.

74. The LCSO officers were not trained to have a detainee with a visible and stated medical condition assessed by a medical professional.

75. The LCSO officers were not trained or adequately supervised to address urgent medical needs of pregnant detainees.

76. As a result of LCSO's failure to train and supervise, Ms. Jones suffered damages.

## RELIEF REQUESTED

77. Pursuant to Federal Rule of Civil Procedure 38, and the Seventh Amendment of the U.S. Constitution, for a trial by jury on all issues so triable.

78. That a judgment be had from and against Loudon County Sheriff's Department, in an amount sufficient to compensate Plaintiff for her damages relating to the emotional distress and mental anguish, physical injury, pain and suffering, medical expenses, costs of any ongoing medical expenses relating to Ms. Jones' child's medical treatment, and all compensatory and economic damages caused by the actions of Defendant.

79. That Plaintiff be awarded reasonable attorney's fees and costs and expenses of this litigation pursuant to 42 U.S.C. §12205, 29 U.S.C. § 794a, and as otherwise provided by law.

80. That costs of this action be taxed against Defendant.

81. That Plaintiff be awarded such additional, general relief to which she may be entitled.

82. Punitive damages against the individual defendants.

83. Pre and Post Judgment Interest.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com